UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX TAFLA, et al.,<br><br>    Defendants. | Case No. 20-06766 EJD (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION TO WITHDRAW AS MOOT**<br><br><br>(Docket No. 8) |

Plaintiff, a state prisoner at the California Medical Facility in Vacaville, filed the instant pro se civil rights action seeking damages for an allegedly unconstitutional conviction out of Contra Costa County. Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that two individuals and the Contra Costa County Criminalistics Laboratory failed to test "air-way material during autopsy" to determine the cause of death and therefore the results were not available during Plaintiff's criminal trial. Dkt. No. 1 at 3. Plaintiff claims he was falsely convicted and slandered, and seeks damages of $1000 per day for his wrongful incarceration. Id. at 3, 6.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. Id. Here, Plaintiff is still incarcerated and has otherwise failed to show that his conviction has been invalidated.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586

2

(9th Cir. 1995).  Accordingly, Plaintiff may seek relief for his underlying conviction by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice as barred by Heck, 512 U.S. at 487.  Plaintiff's motion to withdraw this lawsuit is DENIED as moot.  Dkt. No. 8.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

This order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated: 2/11/2021

EDWARD J. DAVILA
United States District Judge

Order of Dismissal; Pending Motion
PRO-SE\EJD\CR.20\06766Jackson_dism(Heck)

3